Richard F. Ensor (10877)
Michael C. Barnhill (12439)
MICHAEL BEST & FRIEDRICH, LLP
6995 Union Park Center, Suite 100
Salt Lake City, Utah  84047
Telephone:  (801) 833-0500
Facsimile:   (801) 931-2500
rfensor@michaelbest.com
mcbarnhill@michaelbest.com

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| TFG-MASSACHUSETTS, LP, a Utah limited partnership,<br><br>        Plaintiff,<br><br>v.<br><br>METROPOLITAN LINEN SERVICES, CORP., a Massachusetts corporation, ANTHONY R. GIANCI, a Florida citizen, ERIC J. GIANCI, a Massachusetts citizen, and FRANCIS J. GIANCI, a Massachusetts citizen,<br><br>        Defendants. | **COMPLAINT**<br><br>Civil No. 2:17-cv-00895<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff TFG-Massachusetts, LP, by and through its undersigned counsel, hereby

complains of Defendants as follows:

### PARTIES

1.      Plaintiff TFG-Massachusetts, LP ("TFG") is a Utah limited partnership with its

principal place of business in Salt Lake County, Utah. Each partner of TFG is a citizen of the

State of Utah.

2.	Defendant Metropolitan Linen Services, Corp. ("Metropolitan Linen") is a

Massachusetts corporation, with its principal place of business in Essex County, Massachusetts.

Defendant Anthony R. Gianci ("A. Gianci") is an individual who is a citizen of the State of

Florida.

3.	Defendant Eric J. Gianci ("E. Gianci") is an individual who is a citizen of the

Commonwealth of Massachusetts.

4.	Defendant Francis J. Gianci ("F. Gianci" and together with A. Gianci and

E. Gianci, the "Guarantors") is an individual who is a citizen of the Commonwealth of

Massachusetts.

## JURISDICTION AND VENUE

5.	This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is

complete diversity of citizenship between TFG and Defendants, and the amount in controversy

exceeds $75,000.00, exclusive of interest and costs, and under 28 U.S.C. § 1367.

6.	This Court has personal jurisdiction over each defendant because they have

transacted business in the State of Utah in connection with the subject matter of this Complaint

and because they have caused harm to TFG in the State of Utah.

7.	Additionally, each Defendant has each consented to jurisdiction in the State of

Utah.

8.	Defendants are thus subject to jurisdiction in this state pursuant to Utah's long

arm statute, Utah Code Ann. § 78B-3-205(1) and (3), and they have sufficient minimum contacts

to satisfy the due process clause of the United States Constitution.

9.      Venue is proper in this district under 28 U.S.C. § 1391(a) and (b), as a substantial part of the events giving rise to the claims occurred in this District.

10.     Additionally, Defendants have consented to venue in Utah.

## GENERAL ALLEGATIONS

11.     TFG is an equipment leasing company.

12.     TFG entered a Master Lease Agreement No. TFG/ML 121112, dated December 11, 2012 (the "Master Lease") with Defendant Metropolitan Linen, as Lessee.

13.     Pursuant to the Master Lease, Metropolitan Linen entered into Amended and Restated Lease Schedule No. 001, dated April 24, 2013 (the "Lease Schedule" and together with the Master Lease, the "Lease"), pursuant to which TFG leased to Metropolitan Linen certain equipment (described in the Lease as the "Leased Property") with a total Lease Financing Amount of $299,725.00.

14.     Defendant A. Gianci, as Guarantor, entered into an Individual Guaranty, dated December 11, 2012 (the "A. Gianci Guaranty") and agreed to "absolutely, unconditionally and irrevocably guarantee[] the full, complete and prompt payment, performance and observance of all of Lessee's obligations under the Lease."

15.     Defendant E. Gianci, as Guarantor, entered into an Individual Guaranty, dated December 11, 2012 (the "E. Gianci Guaranty") and agreed to "absolutely, unconditionally and irrevocably guarantee[] the full, complete and prompt payment, performance and observance of all of Lessee's obligations under the Lease."

16.     Defendant F. Gianci, as Guarantor, entered into an Individual Guaranty, dated December 11, 2012 (the "F. Gianci Guaranty" and together with the A. Gianci Guaranty and the

3

E. Gianci Guaranty, the "Guaranties") and agreed to "absolutely, unconditionally and irrevocably guarantee[] the full, complete and prompt payment, performance and observance of all of Lessee's obligations under the Lease."

17.     TFG has given notice, orally and in writing, to Metropolitan Linen that it is in material breach of the Lease, but Metropolitan Linen has not cured its breach and remains in default under the Lease.

18.     The Lease provides that the Leased Property shall at all times remain the property of the lessor.

19.     The Lease provides that, upon the occurrence of an event of default, the lessor may declare immediately due and payable all amounts due or to become due under the Lease.

20.     The Lease also provides that, upon the occurrence of an event of default, the lessor may repossess the Leased Property.

21.     Despite Metropolitan Linen's material and ongoing breach of the Lease, Metropolitan Linen continues to possess and use the Leased Property.

22.     The Guarantors have also failed to honor their obligations under the Guaranties.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Metropolitan Linen)

23.     TFG re-alleges and incorporates the foregoing paragraphs.

24.     The Lease, consisting of the Master Lease and each Lease Schedule, constitutes a valid and binding contract between TFG and Metropolitan Linen.

25.     TFG has fulfilled all of its obligations under the Lease.

26.     Metropolitan Linen has breached its obligations under the Lease by failing to make all payments due under the Lease.

4

27.     As a direct and proximate result of Metropolitan Linen's breach of the Lease,

TFG has been damaged in an amount to be determined at trial not less than $127,584.69, plus

default interest, applicable taxes, attorney fees, and costs.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing against Metropolitan Linen)

28.     TFG re-alleges and incorporates the foregoing paragraphs.

29.     The Lease contains an implied covenant that each party would act in good faith

towards each other so that each party could enjoy the full benefits of the contractual relationship.

30.     As alleged above, Metropolitan Linen has willfully acted unfairly and breached

the implied covenant of good faith and fair dealing.

31.     As a result of Metropolitan Linen's breach of the duty of good faith and fair

dealing, TFG has suffered damages in an amount to be determined at trial not less than

$127,584.69, plus default interest, applicable taxes, attorney fees, and costs.

## THIRD CAUSE OF ACTION
### (Breach of Contract against A. Gianci)

32.     TFG re-alleges and incorporates the foregoing paragraphs.

33.     The A. Gianci Guaranty is a valid and binding contract between TFG and

A. Gianci.

34.     Under the terms of the A. Gianci Guaranty, A. Gianci absolutely, unconditionally

and irrevocably guaranteed Metropolitan Linen's obligations under the Lease.

35.     As alleged above, Metropolitan Linen has breached its obligations under the

Lease. Under the terms of the A. Gianci Guaranty, A. Gianci is obligated to pay TFG all amounts

due and owing under the Lease.

36.     A. Gianci has failed to honor his guaranty obligations.

37.     As a result of A. Gianci's failure to honor his guaranty obligations, TFG has

suffered damages in an amount to be determined at trial not less than $127,584.69, plus default

interest, applicable taxes, attorney fees, and costs.

## FOURTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing against A. Gianci)

38.     TFG re-alleges and incorporates the foregoing paragraphs.

39.     The A. Gianci Guaranty contains an implied covenant that each party would act in

good faith towards each other so that each party could enjoy the full benefits of the contractual

relationship.

40.     As alleged above, A. Gianci has willfully acted unfairly and breached the implied

covenant of good faith and fair dealing.

41.     As a result of A. Gianci's breach of the duty of good faith and fair dealing, TFG

has suffered damages in an amount to be determined at trial not less than $127,584.69, plus

default interest, applicable taxes, attorney fees, and costs.

## FIFTH CAUSE OF ACTION
### (Breach of Contract against E. Gianci)

42.     TFG re-alleges and incorporates the foregoing paragraphs.

43.     The E. Gianci Guaranty is a valid and binding contract between TFG and

E. Gianci.

44.     Under the terms of the E. Gianci Guaranty, E. Gianci absolutely, unconditionally

and irrevocably guaranteed Metropolitan Linen's obligations under the Lease.

45.     As alleged above, Metropolitan Linen has breached its obligations under the Lease. Under the terms of the E. Gianci Guaranty, E. Gianci is obligated to pay TFG all amounts due and owing under the Lease.

46.     E. Gianci has failed to honor his guaranty obligations.

47.     As a result of E. Gianci's failure to honor his guaranty obligations, TFG has suffered damages in an amount to be determined at trial not less than $127,584.69, plus default interest, applicable taxes, attorney fees, and costs.

## SIXTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing against E. Gianci)

48.     TFG re-alleges and incorporates the foregoing paragraphs.

49.     The E. Gianci Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

50.     As alleged above, E. Gianci has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

51.     As a result of E. Gianci's breach of the duty of good faith and fair dealing, TFG has suffered damages in an amount to be determined at trial not less than $127,584.69, plus default interest, applicable taxes, attorney fees, and costs.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract against F. Gianci)

52.     TFG re-alleges and incorporates the foregoing paragraphs.

53.     The F. Gianci Guaranty is a valid and binding contract between TFG and F. Gianci.

7

54.     Under the terms of the F. Gianci Guaranty, F. Gianci absolutely, unconditionally and irrevocably guaranteed Metropolitan Linen's obligations under the Lease.

55.     As alleged above, Metropolitan Linen has breached its obligations under the Lease. Under the terms of the F. Gianci Guaranty, F. Gianci is obligated to pay TFG all amounts due and owing under the Lease.

56.     F. Gianci has failed to honor his guaranty obligations.

57.     As a result of F. Gianci's failure to honor his guaranty obligations, TFG has suffered damages in an amount to be determined at trial not less than $127,584.69, plus default interest, applicable taxes, attorney fees, and costs.

## EIGHTH CAUSE OF ACTION
**(Breach of Covenant of Good Faith and Fair Dealing against F. Gianci)**

58.     TFG re-alleges and incorporates the foregoing paragraphs.

59.     The F. Gianci Guaranty contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

60.     As alleged above, F. Gianci has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

61.     As a result of F. Gianci's breach of the duty of good faith and fair dealing, TFG has suffered damages in an amount to be determined at trial not less than $127,584.69, plus default interest, applicable taxes, attorney fees, and costs.

## NINTH CAUSE OF ACTION
### (Writ of Replevin)

62.     TFG re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

63.     As a result of Metropolitan Linen's default, TFG is entitled to a writ of replevin immediately returning the Leased Property to TFG.

64.     TFG is entitled to possession of the Leased Property because TFG owns the Leased Property and by virtue of its having paid for it, and pursuant to the Lease.

65.     Pursuant to Section 20(c) of the Master Lease, TFG is entitled to take possession of the Leased Property.

66.     Metropolitan Linen has wrongfully detained and continues to wrongfully detain the Leased Property.

67.     Metropolitan Linen has indicated its unwillingness to return the Leased Property, despite its obligation to do so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TFG-Massachusetts, LP prays for relief as follows:

1.     For damages to be proven at trial determined at trial not less than $127,584.69, plus default interest, applicable taxes, and costs for the First through Eighth Causes of Action;

2.     For a Writ of Replevin, and the entry of an immediate pre-judgment Order of Replevin requiring the immediate return of the Leased Property to TFG, for the Ninth Cause of Action;

3.     For attorney fees and costs as allowed by the parties' contracts and by law;

4.      For interest as allowed by the parties' contracts and by law; and

5.      For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of August 2017.

MICHAEL BEST & FRIEDRICH


                    /s/ Michael C. Barnhill
                    Attorneys for Plaintiff